# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:12-cr-00032-02

DARLENE SMITH,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's "Motion to Reconsider Sentencing" [Docket 77.] On August 30, 2012, the United States filed its response to the motion (Docket 85.) For the reasons that follow, the Court **DENIES** the motion for lack of jurisdiction.

### I. BACKGROUND

In early 2012, Defendant and two co-defendants were indicted on charges relating to distribution of crack cocaine. Defendant was the first of the three to plead guilty, and, on July 9, 2012, the Court sentenced Defendant to a 30-month term of imprisonment to be followed by a 3-year term of supervised release. Defendant's Sentencing Guideline calculation was based, pursuant to USSG § 2D1.1, on a base offense level derived from a field estimate—as opposed to a laboratory determination—of the weight of cocaine base involved in the crime. Defendant did not appeal her conviction or sentence.

Six weeks after Defendant's sentencing hearing, Defendant's two co-defendants were sentenced. (Docket 86, 88.) As with Defendant, their respective base offense levels were

calculated under USSG § 2D1.1. Unlike Defendant, however, the base offense level for the co-defendants was calculated using a laboratory report which provided a lower drug weight than the weight provided in the field report (the report used to determine Defendant's base offense level). Accordingly, the co-defendants' base offense guidelines were two-levels lower than Defendant's. The reason for all this was that the laboratory report, which is dated April 30, 2012, had not been turned over to Defendant in discovery by the Special Assistant United States Attorney who was assigned to Defendant's case at the time of Defendant's guilty plea and presentence investigation.[1]

On August 20, 2012, Defendant filed her motion to reconsider her sentence arguing that her base offense level calculation was incorrectly calculated. The United States filed a response in which it agrees that Defendant's base offense level was incorrectly calculated and that "the Court should have an opportunity to reconsider defendant's sentence." (Docket 85 at 1.) The United States, however, states that 18 U.S.C. § 3582, under the facts here, prohibits the Court from modifying Defendant's term of imprisonment. (*Id.*) The United States, however, makes the commendable suggestion to Defendant that she seek relief under 28 U.S.C. § 2255 and advises Defendant that it will not oppose a § 2255 motion filed for this purpose.

### *III. DISCUSSION*

This issue implicates two sources of procedural law: Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3582.[2] Rule 35(a) of the Federal Rules of Criminal Procedure provides:

---

1 Three days after Defendant's July 9, 2012 sentencing, the Special Assistant United States Attorney was replaced as counsel by the United States Attorney, R. Booth Goodwin. Sometime shortly thereafter, Mr. Goodwin learned that the Special Assistant United States Attorney had not disclosed the laboratory report to counsel in discovery. Mr. Goodwin immediately thereafter turned the laboratory over to defense counsel.

2 Section 3742 permits re-sentencing in accord with remand after a successful appellate

"Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Here, Defendant's sentence was orally announced on July 9, 2012, and the written judgment order was entered July 12, 2012. Her motion to reconsider was filed on August 20, 2012—well beyond Rule 35's fourteen-day deadline.

Pursuant to 18 U.S.C. § 3582(c), a court may modify a sentence only in limited and specific circumstances: (1) upon a motion by the Bureau of Prisons ("BOP") under specified and unusual circumstances; (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the United States Sentencing Commission lowered the applicable sentencing range following a defendant's initial sentencing. Based on the facts presented here, none of these circumstances exist. Thus, the Court lacks the authority to consider Defendant's motion for reconsideration and **DENIES** the motion [Docket 77].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: NOVEMBER 9, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

challenge to a sentence. Because Defendant did not appeal her sentence, § 3742 has no bearing on this discussion.